| | |
|---|---|
| ADAM GANT, DALE BOGLE, and BRANDON AUTEN, individually and on behalf of all others similarly situated ) ) ) ) Plaintiffs, ) ) v. ) ) EAST LINCOLN FIRE DEPARTMENT, INC. ) ) ) Defendant. ) ) | COLLECTIVE ACTION COMPLAINT |

Plaintiffs Adam Gant ("Gant"), Dale Bogle ("Bogle"), and Brandon Auten ("Auten") (collectively "Plaintiffs"), by and through his counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, against East Lincoln Fire Department, Inc. ("ELFD"). Gant alleges, upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1.     This lawsuit seeks to recover unpaid overtime wages and statutory penalties for Plaintiffs and any similarly situated co-workers who work or have worked for ELFD and performed more than 40 hours of work on ELFD's behalf in a workweek and were not properly compensated for their overtime wages (the "Collective").

2.     Plaintiffs bring this action on behalf of themselves and the Collective who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA by ELFD.

## THE PARTIES

3.      Gant is an adult individual who is a resident of Huntersville, North Carolina.

4.      Bogle is an adult individual who is a resident of Salisbury, North Carolina.

5.      Auten is an adult individual who is a resident of Denver, North Carolina.

6.      ELFD is a domestic non-profit corporation registered and in good standing in the state of North Carolina.

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for claims brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

8.      This Court has personal jurisdiction because ELFD's primary place of business is located in Lincoln County, which is within this judicial district.

9.      Venue is proper in this judicial district because ELFD's primary place of business is in this district, and because the unlawful acts or omissions alleged occurred in Lincoln County, North Carolina.

## COVERAGE ALLEGATIONS

10.      At all times hereinafter mentioned, ELFD has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.      At all times hereinafter mentioned, ELFD has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

12.      At all times hereinafter mentioned, ELFD has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working

2

on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

13.     At all times hereinafter mentioned, Plaintiffs were employees within the meaning of the FLSA, 29 U.S.C. § 203(e).

14.     At times hereinafter mention, Plaintiffs were employees engaged in interstate commerce within the meaning of 29 U.S.C. § 207(a).  During their employment with ELFD, Plaintiffs operated equipment produced and transported in interstate commerce, traveled on interstate highways, and responded to emergencies on waterways.

**PLAINTIFFS AND THE COLLECTIVE'S FACTUAL ALLEGATIONS**

15.     ELFD is a non-profit, volunteer fire department that provides firefighting services to parts of Lincoln County, North Carolina.

16.     ELFD's Board of Directors and Officers are selected independently of government decision-makers.

17.     ELFD hires employees directly and at its own discretion.

18.     Plaintiffs and the Collective are individuals who work and have worked for ELFD as Firefighters[1] during the three-year period preceding the filing of this Complaint.  Amongst other things, Plaintiffs and the Collective all share similar training, job descriptions, job tasks, and are subject to the same compensation and time recording policies and procedures.  ELFD classified Firefighters as non-exempt under the FLSA.

19.     ELFD employed Plaintiffs during the FLSA's statutory period preceding the filing

---

[1] The term "Firefighter" as used in this Complaint encompasses the ranks of Assistant Chief, Captain, Lieutenant, EMT Driver, Firefighter/EMT, and any other position, however named, that ELFD classified as non-exempt under the FLSA.

3

of this Complaint.

20.    Gant began his employment with ELFD as a Firefighter/EMT on or about January 1, 2020.  Gant's employment ended with ELFD on January 27, 2024.

21.    Bogle began his employment with ELFD as a Firefighter in or about January 2019. During his employment, ELFD promoted Bogle to the Captain role and he held that role until his employment ended on November 6, 2022.

22.    Auten began his employment with ELFD as a Firefighter on or about November 1, 2019.  During his employment, ELFD promoted Auten to the Interim Captain and Captain roles. Auten held the Captain role until his employment ended in January 2024.

23.    During the three-year period before filing this Complaint, ELFD paid Plaintiffs and the Collective an annual salary in bi-monthly paychecks that did not properly record or compensate them for all overtime hours that they worked.

24.    ELFD did not record the number of hours worked each pay period on Plaintiffs' paychecks.

25.    ELFD scheduled Plaintiffs to work 24-hour shifts.  ELFD scheduled Firefighter/EMTs, like Plaintiffs, to one of three shifts, A, B, or C.  For example, throughout Gant's employment with ELFD he worked on the C shift.

26.    ELFD based its scheduling off of Charlotte Fire Department's scheduling. Accordingly, ELFD scheduled Plaintiffs and the Collective to work the following schedule: one day on, one day off, one day on, two days off, one day on, and four days off.  This schedule then repeated.

27.    The following schedules are illustrative of the days Plaintiffs worked in September and October 2023:

4



28.     By way of example, during the workweek of September 23, 2023 through September 29, 2023, Gant worked two 24-hour shifts (September 26, 2023 and September 28, 2023).[2] Gant, therefore, worked 48 hours during the workweek of September 23, 2023 through September 29, 2023. During the workweek of September 30, 2023 through October 6, 2023, Gant worked two 24-hour shifts (October 1, 2023 and October 3, 2023). Gant, therefore, worked 48 hours during the workweek of September 30, 2023 through October 6, 2023.

29.     ELFD paid Gant his annual salary during the two-week pay period of September 23, 2023 through October 6, 2023. Attached as Exhibit 1 is a true and accurate copy of Gant's pay check for the two-week pay period of September 23, 2023 through October 6, 2023.[3]

---

[2] Upon information and belief, ELFD designated its 7-day workweek as 12:00 a.m. on Saturday through 11:59 p.m. on Friday.
[3] Personal information has been redacted.

30.     The above example is illustrative of ELFD failure to pay Plaintiffs and the Collective any overtime wages for the hours they worked in excess of 40 hours in each workweek.

31.     ELFD's violations of the FLSA were willful.  ELFD knew, and was aware at all times, that Plaintiffs and the Collective were not paid for all overtime hours worked because Plaintiffs and the Collective complained to ELFD about not being paid overtime correctly in violation of the FLSA.  ELFD's officers and board members responded to these complaints by stating that ELFD was "properly" paying overtime under the FLSA.  ELFD also knew or should have known that Plaintiffs and the Collective worked overtime hours because it scheduled Plaintiffs and the Collective to work more than 40 hours per workweek.

32.     The conduct alleged above reduced ELFD's labor and payroll costs.

33.     Plaintiffs and the Collective were subject to ELFD's uniform policies and practices and were victims of ELFD's scheme to deprive them of overtime compensation.  As a result of ELFD's improper and willful failure to pay Plaintiffs and the Collective in accordance with the requirements of the FLSA, they have suffered lost wages and other related damages.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

34.     Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to ELFD's violation of the FLSA.

35.     Plaintiffs pursue the requested relief on behalf of the Collective, defined as:

> **All individuals who currently work, or have worked, for ELFD as a Firefighter at ELFD's Stanley, North Carolina location at any time within the preceding 3 years from the date of filing the complaint.**

36.     Plaintiffs are members of the Collective they seek to represent because they were employed by ELFD during the relevant period, routinely suffered or was permitted to work more

than 40 hours per week, as described above, and were not paid at the FLSA's mandated overtime premium rate for all time they worked over 40 hours per workweek.

37.     ELFD engaged in common schemes to avoid paying Plaintiffs and the Collective overtime pay when they worked in excess of 40 hours per week by failing to pay them overtime wages.

38.     Plaintiffs and the Collective are similarly situated and this action may be properly maintained as a collective action because:

a.     Plaintiffs and the Collective were all paid under the same compensation structure;

b.     Plaintiffs and the Collective were subject to the same work rules, policies, and procedures;

c.     Plaintiffs and the Collective worked in excess of 40 hours per week during one or more workweeks while employed by ELFD without being paid for all overtime hours worked; and

d.     ELFD maintained common timekeeping and payroll systems and policies with respect to Plaintiffs and the Collective.

39.     ELFD encouraged, suffered, and permitted Plaintiffs and the Collective to work more than forty (40) hours per week without proper overtime compensation.

40.     ELFD knew that Plaintiffs and the Collective performed work that required additional overtime compensation to be paid.  Nonetheless, ELFD operated under a scheme, as previously described, to deprive Plaintiffs and the Collective of overtime compensation.

41.     ELFD's conduct as alleged herein was willful and caused damage to Plaintiffs and the Collective.

7

42. ELFD is liable under the FLSA for failing to properly pay Plaintiffs and the Collective overtime wages. Plaintiffs request that the Court authorize notice to the members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

43. Plaintiffs estimate that the Collective, including both current and former employees over the relevant period, will include more than 40 members. The precise number of collective members should be readily available from ELFD's personnel, scheduling, time, and payroll records as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

44. Pursuant to § 216 (b), Gant's Consent to Join Lawsuit form is attached to this Complaint as Exhibit 2.

45. Pursuant to § 216 (b), Bogle's Consent to Join Lawsuit form is attached to this Complaint as Exhibit 3.

46. Pursuant to § 216 (b), Auten's Consent to Join Lawsuit form is attached to this Complaint as Exhibit 4.

## <u>COUNT I:</u>
### (Failure to Pay Overtime Wages Under the FLSA for all Overtime Hours Worked)

47. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

48. ELFD operate an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

49. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

50. Throughout the relevant period, ELFD violated the FLSA by routinely suffering or permitting Gant and the Collective to work overtime hours each week without paying them premium overtime pay at the correct overtime pay rate and for the actual number of overtime hours worked.

51. Throughout the relevant period, Plaintiffs and the Collective each worked in excess of 40 hours during one or more workweeks but were not paid an overtime premium for all of those additional hours.

52. ELFD's actions described in this Complaint violated the FLSA.

53. ELFD's actions were willful and not in good faith.

54. Plaintiffs and the Collective have been harmed as a direct and proximate result of ELFD's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which ELFD derived a direct and substantial benefit.

55. ELFD is liable to Plaintiffs and the Collective for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 216(b) as well as reasonable attorneys' fees, costs, and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against ELFD and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent and duration of their damages, the

costs of this action and as follows:

A.   Order ELFD to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses, and home addresses of all Firefighters who have worked for the ELFD within the last three years;

B.   Authorize Plaintiffs' counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Firefighters who worked for ELFD within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C.   Certify Plaintiffs' FLSA claims as a collective action;

D.   Declare and find that ELFD committed one or more of the following acts:

   i.   Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

   ii.   Willfully violated provisions of the FLSA;

E.   Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F.   Award liquidated damages on all compensation due accruing from the date such amounts were due;

G.   Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H.   Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I.   For such further relief as the Court deems just and equitable.

Dated: December 27, 2024

Respectfully Submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

10

Email: phil@gibbonslg.com
    corey@gibbonslg.com

*Attorneys for Plaintiffs*

11